# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MICHEAL WILLIAMS,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| V. ) | **CIVIL ACTION NUMBER:** |
| ) | |
| **LVNV FUNDING LLC;** ) | **JURY TRIAL DEMANDED** |
| **RESURGENT CAPITAL** ) | |
| **SERVICES L.P.; MUTUAL** ) | |
| **MANAGEMENT SERVICES,** ) | |
| **LLC.; TRANS UNION, LLC;** ) | |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.; EQUIFAX** ) | |
| **INFORMATION SERVICES, LLC,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

_____

## COMPLAINT
_____

**COMES NOW** the Plaintiff, Micheal Williams, by and through undersigned counsel, and for his complaint states as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendants transacted business in this district, and the Plaintiff resides in this district.

## PARTIES

2. The Plaintiff is a resident and citizen of the State of Alabama, St. Clair County, and is over the age of twenty-one (21) years.

3. The Defendant, LVNV Funding LLC ("LVNV"), is incorporated in Delaware and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State. Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in St. Clair County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4. The Defendant, Resurgent Capital Services L.P. ("Resurgent"), is incorporated in Delaware and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State. Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in St. Clair County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

5. The Defendant Mutual Management Services, LLC. ("MMS"), is incorporated in Florida and was, in all respects and at all times relevant herein, doing business in the state of Alabama. Plaintiff asserts that Defendant is regularly

engaged in the business of collecting consumer debts from consumers residing in St. Clair County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

6. The Defendant Trans Union, LLC (hereinafter "Trans Union") is a Delaware corporation that has a principal place of business in Illinois. Trans Union does and has at all pertinent times done business in this Judicial District. Trans Union is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

7. The Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business in California. Experian does and has at all pertinent times done business in this district. Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

8. The Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Corporation with a principal place of business in the state of Georgia. Equifax does and has at all pertinent times done business in this district. Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

9. Defendants LVNV, Resurgent, and MMS may be collectively known as "the Defendant Collectors".

10. Defendants Experian, Trans Union and Equifax may be collectively known as "the Defendant CRAs".

11. Upon information and belief, the Defendant CRAs are regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

12. Upon information and belief the Defendant CRAs disburse consumer reports to third parties for monetary compensation.

13. All events herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

### *Alleged LVNV Debt*

14. On May 16, 2014, Defendant LVNV brought a lawsuit against Plaintiff in the District Court of Jefferson County, Alabama alleging it owned a delinquent account between Plaintiff and HSBC Bank Nevada, N.A., an entity not a party to this lawsuit ("the alleged LVNV debt").

15. On May 11, 2015, the Court held a bench trial and entered judgment against then Plaintiff/now Defendant LVNV and in favor of then Defendant/now Plaintiff Micheal Williams.

16. The text of the judgment order stated, "This case coming on for trial, Plaintiff appears through counsel and Defendant appears pro se. Judgment entered by trial for the Defendant. Order announced in open court."

17. Some time after, Plaintiff reviewed his consumer credit reports produced by the Defendant CRAs and discovered the alleged LVNV debt still being reported as past due by the Defendant CRAs.

18. Plaintiff disputed the status of the alleged LVNV debt through the Defendant CRAs, individually, and requested reinvestigation. Plaintiff made the Court's judgment a part of these disputes.

19. In response to the alleged LVNV debt disputes with the CRAs, Defendant Resurgent mailed a letter to Plaintiff dated October 19, 2015.

20. In this letter, Defendant Resurgent explained why it, on behalf of Defendant LVNV, refused to change the information provided to the CRAs.

21. In part, Defendant Resurgent erroneously stated, "Our records indicate that a lawsuit, Case No. DV2014902492, was filed in Jefferson County Court, Alabama, and was dismissed without prejudice. Due to the nature of the dismissal, the disposition of the lawsuit does not affect the collectability of the account."

22. This statement was patently false and correct information was easily verifiable through the Court's records.

5

23. Trans Union purportedly reinvestigated the Plaintiff's disputes and reported the results of its so-called reinvestigation to the Plaintiff on or about November 1, 2015.

24. Trans Union did not remove or correct the information on Plaintiff's Trans Union report for the alleged LVNV debt.

25. Defendant Experian purportedly reinvestigated the Plaintiff's disputes and reported the results of its so-called reinvestigation to the Plaintiff on or about November 9, 2015.

26. Defendant Experian did not remove or correct the information on Plaintiff's Experian report for the alleged LVNV debt.

27. Defendant Equifax purportedly reinvestigated the Plaintiff's disputes and reported the results of its so-called reinvestigation to the Plaintiff on or about October 20, 2015.

28. Defendant Equifax did not remove or correct the information on Plaintiff's Experian report for the alleged LVNV debt.

29. The inaccurate information published by the Defendant CRAs negatively reflected on Plaintiff, his financial responsibility as a debtor, and his credit worthiness.

### *Alleged MMS Debt*

30. In or around September 2015, Plaintiff reviewed his consumer credit reports and discovered Defendant MMS reporting an alleged debt to Woodridge Apartments in Jackson, Mississippi to the CRAs ("the alleged MMS debt").

31. Since Plaintiff had never resided, executed an agreement, or had any type of relationship with Woodridge Apartments, he contacted Defendant MMS to investigate.

32. Ralph Ortiz ("Ortiz"), an agent of Defendant MMS, asserted that Plaintiff executed an agreement as a co-signer and was liable for the alleged MMS debt.

33. Ortiz sent Plaintiff a copy of the alleged executed lease "the alleged Woodridge lease").

34. The alleged Woodridge lease sent to Plaintiff was executed by a different Micheal/Michael Williams and had a different middle initial.

35. Plaintiff responded to Ortiz by again stating he never executed the agreement and further that the middle initial is clearly different.

36. However, Ortiz refused the dispute and Defendant MMS continued collection activities.

37. Plaintiff disputed the status of the alleged MMS debt through the Defendant CRAs, individually, and requested reinvestigation. Plaintiff made the lease with the different middle initial part of the dispute.

38. Trans Union purportedly reinvestigated the Plaintiff's disputes and reported the results of its so-called reinvestigation to the Plaintiff on or about November 1, 2015.

39. Trans Union did not remove or correct the information on Plaintiff's Trans Union report for the alleged MMS debt.

40. Defendant Experian purportedly reinvestigated the Plaintiff's disputes and reported the results of its so-called reinvestigation to the Plaintiff on or about November 9, 2015.

41. Defendant Experian did not remove or correct the information on Plaintiff's Experian report for the alleged MMS debt.

42. Defendant Equifax purportedly reinvestigated the Plaintiff's disputes and reported the results of its so-called reinvestigation to the Plaintiff on or about October 23, 2015.

43. Defendant Equifax did not remove or correct the information on Plaintiff's Equifax report for the alleged MMS debt.

44. The inaccurate information published by the Defendant CRAs negatively reflected on Plaintiff, his financial responsibility as a debtor, and his credit worthiness.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT AGAINST THE DEFENDANT COLLECTORS

45. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

46. The Defendant Collectors have engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*.

47. As a result of the Defendants' actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, actual damages, and punitive damages.

## COUNT TWO
## NEGLIGENCE AGAINST THE DEFENDANT COLLECTORS

48. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

49. Defendant Collectors knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

50. Defendant Collectors knew or should have known that said conduct was improper.

51. Defendant Collectors negligently failed to prevent and/or participated in improper collection activities.

52. As a result of the Defendants' negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS AGAINST THE DEFENDANT COLLECTORS

53. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

54. Defendant Collectors knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

55. Defendant Collectors knew or should have known that said conduct was improper.

56. Defendant Collectors recklessly and wantonly failed to prevent and/or participated in improper collection activities.

57. As a result of the Defendants' reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION AGAINST THE DEFENDANT COLLECTORS

58. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

59. The Defendant Collectors knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

60. The Defendant Collectors knew or should have known that said conduct was improper.

61. The Defendant Collectors negligently failed to train and supervise collectors in order to prevent said improper conduct.

62. The Defendant Collectors negligently failed to train and supervise collectors on the FDCPA as it relates to consumer's accounts.

63. As a result of the Defendants' negligence, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION AGAINST THE DEFENDANT COLLECTORS

64. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

65. The Defendant Collectors knew or should have known the status of the alleged debts and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

66. The Defendant Collectors knew or should have known that said conduct was improper.

67. The Defendant Collectors recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

68. The Defendant Collectors recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to consumer's accounts.

69. As a result of the Defendants' recklessly and wanton conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT SIX
## INVASION OF PRIVACY AGAINST THE DEFENDANT COLLECTORS

70. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

71. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings: Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.  15 U.S.C. § 1692(a) (emphasis added).

72. The Defendant Collectors undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama.  Said communications were made in disregard for Plaintiff's right to privacy.  Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

73. Said invasions were intentional, willful, and malicious, and violated Plaintiff's privacy.  Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

74. Said communications constitute the wrongful intrusion into their solitude and seclusion.

75. As a result of the Defendants' conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT SEVEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST THE DEFENDANT COLLECTORS

76. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

77. The Plaintiff alleges that the Defendant Collectors' actions alleged were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon the Plaintiff and/or were done in reckless disregard of the probability of causing the Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

78. As a result of the Defendants' conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT EIGHT
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. AGAINST THE DEFENDANT CRAS

79. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

80. The Defendant CRAs violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

81. The Defendant CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to the furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

82. As a result of this wrongful conduct, action and inaction of the Defendant CRAs, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

83. The Defendant CRAs' conduct was willful, rendering this Defendant liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant CRAs were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

84. The Plaintiff is entitled to recover costs and attorney's fees from the Defendant CRAs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT NINE
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. AGAINST DEFENDANTS LVNV AND MMS

85. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

86. Defendants LVNV and MMS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to the Defendant CRAs inaccurate information regarding status of an account; by failing to fully and properly investigate the Plaintiff's dispute; by failing to review or consider all relevant information regarding same; by failing to accurately respond to the Defendant CRAs; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Defendants LVNV and MMS representations to the consumer reporting agencies.

15

87. After receiving notification from the Defendant CRAs about Plaintiff's disputed account, Defendants LVNV and MMS did not contact any third parties other than the Defendant CRAs when investigating Plaintiff's dispute.

88. As a result of Defendants LVNV and MMS's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

89. Defendants LVNV and MMS's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants LVNV and MMS were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

90. The Plaintiff is entitled to recover costs and attorney's fees from Defendants LVNV and MMS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demand a judgment against the Defendants as follows:

A. Declaratory judgment that the Defendants' conduct violated the FCRA, FDCPA, and state law;

B.	Statutory damages;

C.	Compensatory, actual and punitive damages;

D.	Costs and reasonable attorney's fees;

E.	Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ W. Whitney Seals
W. WHITNEY SEALS,
Attorney for Plaintiffs

**OF COUNSEL:**
PATE & COCHRUN, LLC
P.O. Box 10448
Birmingham, Alabama 35202-0448
(205) 323-3900
(205) 323-3906 (fax)
filings@plc-law.com

/S/ John C. Hubbard
JOHN C. HUBBARD,
Attorney for Plaintiffs

**OF COUNSEL:**
JOHN C. HUBBARD, LLC
P.O. Box 953
Birmingham, Alabama 35201
(205) 378-8121
(205) 690-4525 (fax)
jch@jchubbardlaw.com

**Plaintiff's Address:**
**Micheal K. Williams, Jr.**
406 Maple Village Court
Pell City, Alabama 35128

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

LVNV Funding LLC
CSC-LAWYERS INCORPORATING SVC INC
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104

RESURGENT CAPITAL SERVICES L.P.
CSC LAWYERS INCORPORATING SVC INC
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104

MUTUAL MANAGEMENT SERVICES, LLC.
ORTIZ, RAFAEL C
6447 MIAMI LAKES DR. EAST SUITE, 200C
MIAMI LAKES, FL 33014

EXPERIAN INFORMATION SOLUTIONS, INC.
C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

TRANS UNION, LLC
PRENTICE-HALL CORPORATION SYSTEM INC
150 S PERRY ST
MONTGOMERY, AL 36104

EQUIFAX INFORMATION SERVICES, LLC
CSC LAWYERS INCORPORATING SVC INC
150 S PERRY ST
MONTGOMERY, AL 36104