# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MICHEAL WILLIAMS,** | ] |
| **Plaintiff,** | ] |
| v. | ] CASE NO.: 4:15-cv-2219-KOB |
| **LVNV FUNDING, LLC, et al.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION AND ORDER

Before the court is the Plaintiff Michael Williams' motion to reconsider and motion to stay order to compel disclosure. (Doc. 71). Previously, the court granted Defendants' motion to compel the disclosure of the terms of a settlement reached with the credit reporting agencies who were originally defendants in this case. The court reached its decision because it found that while the FCRA does not contain a right to offset or contribution, the one-satisfaction rule still applies, and the settlement terms would be relevant to determining whether any judgment against the Defendants should be subject to a credit. Mr. Williams, as well as the settling credit reporting agencies, now ask the court to reconsider that decision. For the reasons discussed below, the court **DENIES** the motion.

## I.  STANDARD OF REVIEW

A court "may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule

1

59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. Pro. 60(b).

## II. DISCUSSION

### A. Single, Indivisible Injury

Mr. Williams argues that the one-satisfaction rule does not apply to this case because there has not been a single, indivisible harm. In support of this argument, Mr. Williams cites to his deposition testimony where talked about the effect a letter sent from the Defendants, and not the CRAs, had on him. Further, Mr. Williams argues his deposition shows that he suffered distinct injuries.

Mr. Williams is correct that each violation of the FCRA is a separate violation. But regardless of how many *violations* of the FCRA occurred, Mr. Williams is not entitled to recover for the same *injury*, even if two different violations could be said to have caused that injury. Undoubtedly, Mr. Williams' claims against the CRAs and his claims against the remaining Defendants stem from separate conduct. But the relevant inquiry for purposes of the one-satisfaction rule is not whether the *conduct* is the distinct but whether the *injury* is distinct.

Mr. Williams points to his deposition as evidence he suffered distinct injuries from the CRAs and LVNV/Resurgent's respective conduct:

> Q. I'm putting LVNV aside for just a moment. But when you got the Experian, Equifax, and TransUnion results, did that specifically trigger these physical and mental symptoms you are talking about?
>
> A. Yes. Yes.

2

(Doc. 78-2 at 80).

Context is key. What specific physical and mental symptoms was Mr. Williams' counsel referring to? A little over a page in the transcript prior, Mr. Williams' counsel asked how a letter from LVNV/Resurgent made Mr. Williams feel. He responded: "it made me sick . . . I couldn't sleep . . . I had trouble eating . . . [and] performing my job at work." (Doc. 78-2 at 80). The transcript contains no other discussion of "physical and mental symptoms" between this answer and Mr. Williams' counsel's question about whether the CRA's conduct triggered Mr. Williams' symptoms. Mr. Williams' testimony establishes that the CRA's conduct and LVNV/Resurgent's conduct caused the same physical and mental symptoms—*the same injury*. Further, earlier in his deposition, Mr. Williams admitted that he could not discern the amount of damage inflicted by each defendant. When asked how he could separate the emotional distress out to what was caused by each defendant, Mr. Williams responded, "I don't have a way to distinguish that." *Id*. at 62.

*Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495 (4th Cir. 2007), cited by Mr. Williams, is not to the contrary. *Sloane* does not stand for the proposition that the one satisfaction rule does not apply in the FCRA context. *See Sloane*, 510 F.3d at 501 ("But, *in the case at hand*, we cannot find, as a matter of law, that Suzanne has suffered from a 'single, indivisible harm' that has already been redressed by other parties.") (emphasis added). In a footnote, the Fourth Circuit did say that "[a]rguably, the 'one satisfaction rule' does not even apply to FCRA claims." *Id*. at 501 n.2. But such speculative dicta is not persuasive to the court, especially given the Eleventh Circuit's reasoning that the one-satisfaction rule applies to federal statutory causes of action. *See BUC Int'l Corp. v. Int'l Yacht Council Ltd*., 517 F.3d 1271, 1278 n.7 (11th Cir. 2008) ("We note that ample authority supports applying the rule to federal causes of action.).[1]

---

1 Mr. Williams' efforts to distinguish the FCRA from the Copyright Act for purposes of the one satisfaction rule are

3

But ultimately, *Sloane* is distinguishable because that court could not find a single, indivisible harm in that case. The Defendant Equifax harmed the plaintiff in a distinct way from the other defendants—Equifax caused a *separate* injury. *Sloane*, 510 F.3d at 501 (noting the plaintiff "did not attempt to hold any of the credit reporting agencies responsible for damages arising from either the identity theft itself or the initial inaccuracies that the theft generated in her credit reports" and that "although some of Suzanne's interactions with Equifax overlapped with exchanges with other credit reporting agencies, her encounters with Equifax both predate and postdate these other exchanges.")

Here, as discussed previously, Mr. Williams has not shown that the injury caused by LVNV or Resurgent is distinct from the injury caused by the settlings defendants. Therefore, *Sloane* is inapposite.

### B. Timing of the Discovery

The settling CRAs argue the court should reconsider its previous decision because disclosure of the settlement agreements is premature. However, the authority cited by the CRAs deals with offset and financial discovery, not the one satisfaction rule. Given that the court has found that the settlement agreements are relevant and discoverable, it sees no reason to delay disclosure.

### C. Offset

Finally, the CRAs argue that the court should reconsider its decision because the FCRA does contain a right to offset or contribution. However, the court considered and rejected this precise argument in its previous decision.

---

unpersuasive. The fact that Mr. Williams may recover statutory damages from each of the Defendants for its statutory violations does not alter the fact that an actual injury is a prerequisite for a FCRA claim, and Mr. Williams' has alleged the same injury with respect to each defendant.

### III.  CONCLUSION

For the reasons discussed, the court **DENIES** the motion to reconsider. The court lifts the stay on its previous order, and **ORDERS** Mr. Williams to provide the Defendants with the terms of the settlements within three days of this order.

**DONE** and **ORDERED** this 11th day of April, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE